IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| GREGORY K. BIGHAM, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 5:23-CV-089-BR |
| § | |
| LUBBOCK COUNTY JAIL, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO
GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Summary Judgment (the "Motion") filed by Defendants Christian Hernandez, N. Joshua Acevedo and Joey Andrist. (ECF 32). For the reasons stated herein, the Magistrate Judge recommends that the Motion be GRANTED.

## I. BACKGROUND

Plaintiff Gregory Bigham, an inmate in the Lubbock County Detention Facility, filed suit alleging that Defendants Hernandez, Acevedo and Andrist were harassing him by contaminating his food with bodily fluids, spying on him, and accusing him of rape. (ECF 1). In their Motion for Summary Judgment, Defendants contend that Bigham's allegations are a result of psychosis induced by polysubstance abuse, and that Defendants, who are guards at the facility, are entitled to qualified immunity. Defendants further allege that Bigham failed to exhaust his administrative remedies before filing suit. Bigham did not respond to the Motion.

## II. LEGAL ANALYSIS

A.   **Summary Judgment Standard.**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims

1

or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must provide affirmative evidence to defeat summary judgment. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor...unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). The Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment

supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all evidence but must not make any credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

### B.     Plaintiff's Failure to Respond is Not Dispositive.

When a nonmoving party does not file a response to a motion for summary judgment, the failure to respond "does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023). As the United States Court of Appeals for the Fifth Circuit has explained:

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (*citing Hibernia*). Moreover, FED. R. CIV. P. 56(e) provides that:

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Therefore, Defendants still must provide sufficient evidence upon which the Court may base a summary judgment. Failure to do so requires the Court to deny the Motion, even if it is unopposed.

### C.     The Prison Litigation Reform Act ("PLRA") Exhaustion Requirement.

Defendants move for summary judgment based on their affirmative defense that Bigham has not exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA")

3

provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The U.S. Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639–40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (*citing Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is if administrative remedies are unavailable. *Ross*, 578 U.S. at 642. Administrative relief is available so long as the prison administrator has the "authority to take some action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736 and n.6 (2001) ("An inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit takes a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299–300 (5th Cir. 2015) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies properly" (internal quotation omitted)). The Fifth Circuit also has recognized that "[w]hen a defendant asserts the affirmative defense of [lack of] exhaustion, the district court should rule on [the exhaustion] issue

before allowing the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 F. App'x 297, 297–98 (5th Cir. 2014) (*citing Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010)). Further, exhaustion must have occurred before the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than when an amended complaint is filed).

A prisoner in the Lubbock County Detention Center must complete a two-step grievance process in order to properly exhaust his administrative remedies. (ECF 35 at 3675-78). First, he must fill out a grievance form (available in the pod) and place it in one of the grievance drop boxes located in each dayroom. (*Id.* at 3675). The grievance will be investigated, and a written response will be provided to the inmate within 60 days. (*Id.* at 3678). If the inmate disputes the provided resolution, he may appeal to the administration for final review. (*Id.*).

Defendants satisfied their initial summary judgment burden by providing Bigham's grievance records, which contain numerous grievances regarding his belief that guards were contaminating his food with bodily fluids, as well as grievances about allegedly being spied on by guards and about being accused of rape. (ECF 34 at 17-43). Each of Bigham's grievances was either determined to be meritless or returned to him for clarification. (*Id.*). There is evidence that Bigham was aware of the proper grievance procedure in that the process was outlined in the Inmate Handbook made available to all inmates at the time of admission to the detention center. (ECF 35 at 3675). However, there is no evidence that Bigham ever completed the grievance process by appealing to the administration, as required by the grievance policy. (*Id.*). There also is no evidence

that Bigham filed a grievance against Defendant Acevedo at all. (*Id*.; ECF 34 at 11).

Because Defendants met their burden to show that Bigham did not properly exhaust his administrative remedies in connection with the claims at issue, the burden then shifted to Bigham to establish a genuine issue of material fact. However, Bigham failed to respond to the Motion and thus failed to meet his burden. Therefore, because the undisputed evidence shows that Bigham failed to exhaust his administrative remedies in connection with the claims brought in this case, Defendants' Motion for Summary Judgment should be granted.[1]

## RECOMMENDATION

As set forth above, the U.S. Magistrate Judge recommends that Defendants' Motion For Summary Judgment be GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 26, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

---

[1] Because of this determination, the Court does not reach the issue of qualified immunity.

electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).